**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARIANNA GARCIA SERRANO (A No. 244-507-688),<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>                    Respondents. | Case No. 1:26-cv-02917-JLT-SAB<br><br>ORDER GRANTING IN PART THE PETITION FOR HABEAS CORPUS; DENYING RESPONDENTS' MOTION TO DISMISS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Docs. 1, 11) |

## I.     INTRODUCTION

Before the Court is Arianna Garcia Serrano's petition for writ of habeas corpus brought under 28 U.S.C. § 2241 challenging her ongoing detention. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. In the interest of justice and to promote judicial efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS IN PART** the petition (Doc. 1), and **DENIES** Respondents' motion to dismiss (Doc. 11).

## II.     LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the

power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### III.    FACTUAL BACKGROUND

Petitioner is citizen of Mexico who entered the United States on or around April 27, 2024, where she was encountered by Customs and Border Protection ("CBP") and released into the interior of the country pending resolution of her asylum claim. (*See* Doc. 11-1 at 1–2.) At the time of entry, CBP processed Petitioner' asylum claim, issued a Form I-862 Notice to Appear to initiate removal proceedings, and paroled her into the United States. (*Id*. at 2.) The Notice to Appear indicates that Petitioner was "paroled into the United States . . . pursuant to Section 212(d)(5) of the Immigration and Nationality Act [("INA")]" and was charged as removable under INA § 212(a)(7)(A)(i)(I). (Doc. 11-2 at 1, 4.) Petitioner's removal proceedings and asylum claim are pending before the immigration court, and she is not currently subject to a final order of removal.[1] Petitioner has no criminal history, but was recently arrested and charged for domestic battery, a first offense misdemeanor charge in violation of Nevada Statute NRS 10.021010. (*See* Doc. 11-1 at 2–3; Doc. 11-3 at 2–3.) Those charges are pending. (Doc. 11-1 at 3.) On February 16, 2026, when Petitioner was arrested by Las Vegas police for domestic battery, she was eventually transferred into ICE custody. (*See* Doc. 11-1 at 3.)  Petitioner is currently detained at California City Immigration Processing Center in California. (Doc. 1 at 2.)

### IV.    DISCUSSION

The government filed a motion to dismiss the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 11 at 1–3.) Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner and make no effort to distinguish this current

---

[1]  Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case is still pending, with an upcoming hearing scheduled for May 19, 2026. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited April 30, 2026).

case from the numerous cases issued by the undersigned, finding this legal position to be incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Respondents argue that Petitioner's recent encounter with law enforcement terminated her previous period of release because Petitioner violated a condition of release when she was arrested. (*See* Doc. 11 at 3.) While those charges are still pending, the Court finds that considering the recent domestic battery charge, the appropriate remedy here is a bond hearing where the government bears the burden of proving that Petitioner now poses a danger to the community or flight risk.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus (Doc. 1) is **GRANTED IN PART** for the reasons stated in the orders cited above;

2. The motion to dismiss (Doc. 11) is **DENIED**;

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider

Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

3.    Prior to the bond hearing, the Petitioner **SHALL** receive meaningful notice of the scheduled hearing and **SHALL** be entitled to appear at the hearing.

4.    The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:    **April 30, 2026**

UNITED STATES DISTRICT JUDGE